UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A. BARTOLINI,

                     Plaintiff,

-against-

TOWN OF YORKTOWN, et al.,

                     Defendants.

25-CV-8508 (JGLC)

**MEMORANDUM OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

       Plaintiff John A. Bortolini, proceeding *pro se*, filed this action on October 13, 2025, alleging violations of 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 18 U.S.C. § 241; state criminal law, including official misconduct, coercion, stalking, and conspiracy; and various torts, including defamation, tortious interference, and malicious prosecution. ECF No. 1. Underlying Plaintiff's claims appears to be a dispute regarding the use and designation of his family's plot of land.

       Mr. Bartolini now moves for emergency relief, which the Court interprets to be a temporary restraining order (TRO) and preliminary injunction (PI). ECF Nos. 3–5. Specifically, Plaintiff asks the Court to enjoin Defendants from (1) conducting a "ZBA hearing" on October 23, 2025, (2) proceeding with state criminal charges, and (3) preventing him from conducting "usual farm activities" through the enforcement of alleged zoning violations. ECF No. 4.

       For the reasons set forth below, the Court DENIES Plaintiff's motion for a TRO and WITHOLDS ruling on Plaintiff's motion for a preliminary injunction until all parties can duly appear before the Court and submit briefing.

**LEGAL STANDARD**

To obtain a preliminary injunction, a plaintiff must show "(1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation . . . (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (cleaned up). In this Circuit, it is well established that the same legal standard generally governs the issuance of PIs and TROs. *See Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020). TROs and PIs are "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Because a TRO typically occurs before extensive discovery and is often issued *ex parte*, "a TRO, perhaps even more so than a preliminary injunction, is an 'extraordinary and drastic remedy.'" *Free Country Ltd v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) (quoting *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015)). A court may issue a TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." FED. R. CIV. P. 65(b)(1)(A).

Given his *pro se* status, the Court construes Mr. Bartolini's pleadings liberally and interprets them "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal citation omitted). Even so,

pro se litigants must comply with procedural rules and substantive law. *See Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009)).

## DISCUSSION

A review of Plaintiff's Complaint and the materials accompanying his petition for emergency relief indicates that Plaintiff has failed to meet the high bar required for an *ex parte* temporary restraining order. Most importantly, Mr. Bartolini fails to demonstrate that irreparable injury will ensue absent an injunction. An applicant for a TRO or PI "must show that it is *likely* to suffer irreparable harm if equitable relief is denied." *JSG Trading Corp. v. Tray–Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir.1990) (emphasis in original). The Court understands Plaintiff's Complaint to assert economic losses for the interruption to his business and emotional damages. ECF No. 1 at 9. Absent special circumstances preventing full compensation by a money judgment, "[m]onetary loss alone will generally not amount to irreparable harm." *Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 934 F.2d 30, 34 (2d Cir. 1991). The Court finds Plaintiff has failed to demonstrate his losses exceed that which can be compensated with money damages. Plaintiff further fails to demonstrate the immediacy of his alleged harms. Plaintiff only provides two impending time periods for the Court to consider: an October 23, 2025 "ZBA hearing," and "the winter." ECF No. 1 at 9; ECF No. 4. At no point does Plaintiff describe the harms that will stem from those upcoming events.

Here, Mr. Bartolini's inability to demonstrate irreparable injury obviates any present need for the Court to assess the remaining factors "[b]ecause a showing of probable irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (internal citation omitted); *see*

*also, e.g.*, *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 190 F. Supp. 2d 577, 581 (S.D.N.Y. 2002).

Still, the Court advises Plaintiff, based on what has been submitted thus far, that he has not demonstrated a likelihood of success on the merits. Mr. Bartolini's claims under state and federal criminal law are not cognizable. *See Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) ("[F]ederal criminal statutes do not provide private causes of action."); *Jallow v. City of New York*, 2021 WL 1867629, at *3 (S.D.N.Y. May 7, 2021) (holding that various federal, state, and local criminal statutes "cannot be the basis for a civil action because such statutes do not provide private causes of action"). Furthermore, Plaintiff's remaining federal claims under 42 U.S.C. § 1983 and his state tort claims do not include sufficient allegations at this juncture to demonstrate a likelihood of success. Mr. Bartolini's tort claims, in particular, are fact-intensive inquiries that require briefing and further development of the record to assess.

## CONCLUSION

Based on the foregoing, Plaintiff has not made a "clear showing" of irreparable harm or likelihood of success on the merits to warrant the entry of a temporary restraining order, particularly on an *ex parte* basis. His application for a TRO is thus DENIED.

Plaintiff is hereby ORDERED to serve a copy of this Order on the Defendants within thirty days. After filing proof of such service, in addition to proof of service of the complaint and summonses, the Court will enter a briefing schedule for Plaintiff's motion for a preliminary injunction.

Dated:  October 22, 2025
        New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge