SDNY

Bartolini v Town of Yorktown, Et al          25 cv 8508 (JGLC)

Plaintiff Letter Motion For Attorney Disqualifications

## Basis of Complaint

The Supreme Court has consistently protected the liberty interest in one's profession/calling as a fundamental right. Plaintiff chose to be a NYS licensed grower/farmer.

This is not a case about citizens exercising their First Amendment rights. This is a case about a criminal conspiracy via fabricated evidence (pattern of false complaints) and government power abuse (zoning violations). The anti-SLAPP statute was never intended to shield fraud, conspiracy, and constitutional violations.

NIMBY warfare against a farmer using bogus zoning violations is a classic case of government power being weaponized by private citizens to shut down lawful agricultural operations. A textbook substantive due process violation - arbitrary government action with no legitimate basis.

Exactly what § 1985(3) and § 1983 conspiracy law is designed to combat - private citizens hijacking government power to harm someone.

## A. Legal Standard for Disqualification

Rule 1.7(a) of the New York Rules of Professional Conduct applies.

Bellamy v. City of New York, 813 F. Supp. 202 (S.D.N.Y. 1992) [is highly relevant, holding that a conflict exists when a municipality and its employees are represented by the same counsel and there is an actual or potential divergence of interests, particularly where punitive damages are sought against individuals

.B. Irreconcilable Conflicts of Interest Mandate Disqualification of Wilson Elser as counsel for Town, Town Employees and Town Law Firm for it presents an actual, severe, and unwaivable conflict of interest.

1. Antagonistic Defenses in § 1983 Actions: In actions brought under 42 U.S.C. § 1983, a municipality and its employees (sued in both official and individual capacities) frequently have conflicting interests. The municipality may seek to avoid liability by arguing that its employees acted outside the scope of their employment or contrary to

1

official policy, while the employees may argue they acted in good faith reliance on official policy or legal advice. This divergence is particularly acute when punitive damages are sought against individual defendants, as they face personal financial exposure. Courts have recognized that such conflicts warrant disqualification where the potential for divergent interests is substantial and actual.

2. Malicious Prosecution and Bad Faith: The Town's decision to continue criminal prosecution against Plaintiff despite the County Judge's on-the-record assessment that Plaintiff's farming was permitted, and the Town's subsequent withdrawal of its own civil injunction, creates a strong basis for claims of malicious prosecution and bad faith.

The Town's interest would be to defend its institutional actions and policies.

Individual Town officials, however, face personal liability for malicious prosecution and for deliberately pursuing charges they knew or should have known were unfounded. Their best defense might be to argue they were merely following Town policy or were misled by **Town legal advice**, which directly conflicts with the Town's institutional defense.

3. Town Attorney Rodriquez, his law firm Bleakely Platt and Schmidt (BPS) and the criminal prosecutor acting as WCDA is a BPS attorney following Rodriguez's instructions are conflicted. BPS could claim Rodriguez as rogue. Rodriguez could claim Town as rogue. Town could claim BPS, being new to municipal law, screwed up.

4. Procedural Due Process Violations: The deliberate and recorded refusal by Town officials to provide the required administrative "prescribed" appeal form, thereby obstructing Plaintiff's due process rights, exposes those individual officials to personal liability.

Individual officials, particularly those who refused on the record, have a direct interest in distancing themselves from any deliberate obstruction, potentially by implicating other Town employees or policies, which cannot be adequately pursued by shared counsel.

5. Plaintiff's Immunity Offer Creates Unwaivable Conflict: Plaintiff's offer of immunity and dismissal to all Defendants, including individual Town officials, creates an immediate and undeniable "race to cooperate." The best interest of an individual official facing personal liability is to accept immunity and testify truthfully, even if that testimony implicates the Town or other officials. Counsel representing both the Town and its

2

officials cannot ethically advise an individual official to accept such an offer if it is detrimental to the Town, nor can they advise the Town on how to respond to an individual official's cooperation. This conflict is actual, severe, and cannot be waived.

C. A county attorney generally cannot represent both the county and its board members in a federal civil rights conspiracy case because their duty is to the government entity, not the individuals, which creates a conflict of interest. Conflicts of interest will likely arise, as the board members' interests may differ from the County's, and federal rules require separate representation when this happens. A court may disqualify the county attorney, requiring the board members to seek independent counsel.

1. The three County Board members sued are alleged to have conspired with Huntersville Association and neighbors to blow off Plaintiff's agricultural district application then deny him fair review based on dishonest reasons all in an effort to stop him from developing his undisturbed property to farm in the area.

D. Irreconcilable Conflicts of Interest Mandate Disqualification of Counsel for Private Defendants

The representation of Huntersville Association, Graham, and Nettlefield also presents an actual, severe, and unwaivable conflict of interest for the law firm Gordon Rees Scully Mansukhani, LLP.

1. Antagonistic Defenses Regarding Scope of Authority and Liability: The roles of Nettlefield and Graham in initiating complaints against Plaintiff present inherently antagonistic defenses.

Nettlefield identified as an official board member. His actions, if found unlawful, could directly bind the Huntersville Association.

Graham initially filed individual false complaints but specifically acted as an agent in a November 6, 2025 email where he said "I passed your (Town) feedback to the Huntersville Board." The Association's best defense against Graham's actions might be to disavow them as unauthorized actions of a rogue member, thereby limiting the Association's liability.

Graham's defense may entail demonstrating that his actions were known to, ratified by, or implicitly authorized by the Association (through its board, including Nettlefield). The Association, conversely, may seek to argue that it only acted after its own independent review, and that Graham's earlier individual actions were not sanctioned.

3

Counsel cannot ethically advise both Graham and the Association on these mutually exclusive defensive strategies.

2. Plaintiff's Immunity Offer Creates Unwaivable Conflict: As with the Town Defendants, Plaintiff's offer of immunity and dismissal to all private Defendants creates an undeniable conflict. Graham's best interest may be to accept immunity and testify about the Association's (and Nettlefield's) involvement in the alleged conspiracy. Conversely, Nettlefield's best interest may be to accept immunity and testify about Graham's independent actions or other board members' roles. The Huntersville Association's best interest might be to accept immunity and cooperate against its members. Counsel cannot advise these clients, whose interests are now directly adverse, without violating their ethical duties to loyalty and confidentiality.

IV. CONCLUSION

The conflicts of interest presented in this case are not merely potential; they are actual, severe, and have been exacerbated by Plaintiff's strategic immunity offers and cannot be waived.

VI. PRAYER

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter an Order disqualifying all above mentioned firms and listed below:

Wilson Elser – Town of Yoktown, Town Employees, Town Attorney, BPS Law Firm

Gordon Rees Scully Mansukhani, LLP – Huntersville Association, Graham, Nettlefield

County Attorney Office – Westchester County, Peckam, Pratt, Blumberg

Date: 12/2/25

By: _____

Pro se Plaintiff
John A. Bartolini
153 East Main St
Jefferson Valley NY 10535
914.243.5555
bartolini@optonline.net

4

Application DENIED. Based on Plaintiff's letter, the Court finds that a motion to disqualify would be frivolous at this stage. *See Zhang v. Weseley*, No. 23-CV-00014 (ALC), 2024 WL 1134596 (S.D.N.Y. Mar. 15, 2024). As such, the Court denies Plaintiff's request to make such a motion. Nonetheless, the Court reminds counsel for Defendants that they must abide by the requirements of Rule 1.7(b) of the New York Rules of Professional Conduct if representing clients with different interests. The Clerk of Court is respectfully directed to terminate ECF No. 77.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: December 8, 2025
       New York, New York