UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A. BARTOLINI,

                       Plaintiff,

            -against-

TOWN OF YORKTOWN, et al.,

                     Defendants.

25-CV-8508 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On February 16, 2026, *pro se* Plaintiff John A. Bartolini filed his third Order to Show Cause ("OTSC") for a temporary restraining order ("TRO") and preliminary injunction ("PI") in this case. ECF No. 130; *see also* ECF Nos. 4, 89. Because Mr. Bartolini fails to identify any change in circumstance since his prior application and labels his filings as "amended," the Court treats his most recent OTSC for a TRO and PI as an amendment to his second OTSC (ECF No. 89). Accordingly, for the reasons set forth in its previous Order (ECF No. 94), the Court WITHHOLDS ruling on the application until such time as all Defendants have been served and had an opportunity to respond.

"While the Court construes *pro se* pleadings liberally and interprets them to raise the strongest arguments that they suggest, *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Moody v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 25-CV-10720 (JHR), 2026 WL 370332, at *4 (S.D.N.Y. Feb. 10, 2026) (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Azzarmi v. Key Food Stores Co-Operative Inc.*, No. 20-CV-6835 (GBD) (BCM), 2021 WL 1734922, at *3 (S.D.N.Y. May 3, 2021)) (cleaned up). Courts in this District have denied emergency applications that request "substantially the same relief" as previously denied motions, when there is no change in

circumstances. *See, e.g.*, *Lopez v. New York City*, No. 17-CV-3014 (VEC) (OTW), 2018 WL 11385136, at *1 (S.D.N.Y. Dec. 21, 2018).

Plaintiff's second OTSC for a TRO and PI (ECF No. 89) remains outstanding. *See* ECF No. 94. In withholding its ruling, the Court noted that Plaintiff was not "seeking to preserve the status quo until the Court has an opportunity to hold a hearing and pass on the merits" but rather "asking a judge who is unfamiliar with the details of the underlying local proceedings to intervene and alter the conditions of the local jurisdiction's prior determinations." *Id.* at 1–2 (quoting *Valles v. California Dep't of Corr. & Rehab.*, No. 25-CV-8050 (MKV), 2025 WL 3219449, at *1 (S.D.N.Y. Oct. 8, 2025)) (cleaned up).

Plaintiff's instant petition correctly identifies that the Younger abstention doctrine, which cautions against enjoining or otherwise interfering in ongoing state proceedings, may be implicated here. *See* ECF No. 131 at 6 (arguing that Younger abstention is not a bar); *see also* *Sprint Comms., Inc. v. Jacobs*, 571 U.S 69, 77–78 (2013) (defining "Younger's scope"); *Younger v. Harris*, 401 U.S. 37, 43–45 (1971) (discussing the doctrine). Younger abstention is appropriate in three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 72–73. In the instant petition, Plaintiff asks the Court to stay an ongoing prosecution, among other things. *See* ECF No. 131 at 7; ECF No. 132 ¶ 4. Given the complexity of the issues involved, the Court thus continues to decline to issue a TRO or PI *ex parte* at this juncture.

In its previous Order, the Court directed Plaintiff "to serve upon all newly added Defendants a summons, the Amended Complaint, and his new OTSC for a TRO and PI," indicating that it would adjudicate the application "after proof of service for all Defendants has

been filed on the docket, and Defendants have had an opportunity to respond or otherwise be heard." *Id.* at 2. Mr. Bartolini has yet to file proof of service for approximately fifteen defendants in this action. For the foregoing reasons and the reasons stated in the Court's prior Order (ECF No. 94), the Court thus continues to WITHHOLD ruling on Plaintiff's OTSC for a TRO and PI until he has complied with the Court's prior directive. Absent a material change in circumstances, Mr. Bartolini SHALL request leave of Court to file any further amended or renewed petitions for emergency relief in this case. Any further petitions for emergency relief brought without prior leave will be denied. *See Moody*, 2026 WL 370332, at *6 (noting that where plaintiffs improperly file "numerous applications seeking overlapping relief on various grounds . . . the Court may summarily deny future applications seeking relief on the same grounds.").

Dated: February 17, 2026
      White Plains, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge