WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

July 22, 2026

**Eliza M. Scheibel**
914.872.7303 (direct)
Eliza.Scheibel@wilsonelser.com

**Via ECF**

MEMO ENDORSED

The Honorable Jessica G. L. Clarke, U.S.D.J.
United States District Court
Southern District of New York
Charles L. Brieant Jr. Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: *John A. Bartolini v. Town of Yorktown, et al.* - Request to File Document Under Seal
Case No. 25-cv-08508-JGLC
Our File No.: 10097.00622

Dear Judge Clarke:

We represent the Yorktown Defendants in this matter. The Yorktown Defendants previously served Plaintiff John Bartolini with a motion for Rule 11 sanctions, arguing that many of the claims he asserted in his Second Amended Complaint violated Rule 11(b). Pursuant to Rule 11(c)(2), the Yorktown Defendants waited at least 21 days after service to permit Plaintiff time to withdraw the allegedly frivolous claims. As Plaintiff did not withdraw the claims cited in the motion for sanctions, the Yorktown Defendants intend to file the motion forthwith. Exhibit 2 to the motion for sanctions is the transcript of Plaintiff's March 25, 2026 examination pursuant to New York General Municipal Law ("GML") § 50-h. We write to request permission to file the 50-h transcript under seal.

GML § 50-h(3) provides that "[t]he transcript of the record of an examination shall not be subject to or available for public inspection, except upon court order upon good cause shown, but shall be furnished to the claimant or his attorney upon request." As the 50-h transcript is not a public document in the first instance, on June 3, 2026, we inquired of Mr. Bartolini whether he consented to public filing of the transcript, or whether he preferred that we seek permission to file the transcript under seal. We received no response. While the Yorktown Defendants reserve their right to argue that the transcript should be made public at a later stage of this proceeding, at this time, out of an abundance of caution, in light of the provisions of GML 50-h and the lack of response from Plaintiff regarding the transcript, we request permission to file the transcript under seal. *See Dodson v. Bd. of Educ.*, 44 F. Supp. 3d 240, 242 n.5 (E.D.N.Y. 2014) (unsealing 50-h transcript).

Respectfully submitted,

Eliza M. Scheibel, Esq.

Application DENIED. It is well-settled that "[t]he public has a common law presumptive right of access to judicial documents and likely a constitutional one as well." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004). "The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 69 (2d Cir. 2023) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). For these reasons, courts in this Circuit do not typically seal entire 50-h transcripts when they are relied on in a motion. *See, e.g.*, *Dodson v. Bd. of Educ. of the Valley Stream Union Free Sch. Dist.*, 44 F. Supp. 3d 240, 242 n.5 (E.D.N.Y. 2014); *Vaphides, v. Norwich City School District*, No. 3:25-CV-960 (AJB) (ML), 2026 WL 2123255, at *10 (N.D.N.Y. July 23, 2026). The Court's Individual Rules also require redactions and sealing requests to be "narrowly tailored to serve whatever purpose justifies the redaction or sealing" and "otherwise be consistent with the presumption in favor of public access to judicial documents." Individ. R. & P. 5(c).

Accordingly, with no compelling arguments to the contrary, reliance on a 50-h transcript in a sanctions motion--thus converting it into a judicial document--constitutes good cause for a public filing. If any party requests redactions of certain categories of information in the transcript, that party shall file a letter describing those categories and detailing the need for the redaction by **August 14, 2026**. If the Court does not receive any such letter and unless the Court orders otherwise, the Yorktown Defendants are directed to file the unredacted transcript by **August 21, 2026**.

The Clerk of Court is directed to terminate ECF No. 226.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: August 3, 2026
White Plains, New York